563 So.2d 557 (1990)
Frank E. LANIER
v.
CAPITAL RESOURCES GROUP, INC., et al.
No. 89-CA-1792.
Court of Appeal of Louisiana, Fourth Circuit.
June 14, 1990.
*558 Mark C. Landry, Newman, Drolla, Mathis, Brady & Wakefield, Metairie, for plaintiff/appellee.
Lee Daniel Thomas, Metairie, for defendants/appellants.
Before SCHOTT, C.J., and BARRY and BYRNES, JJ.
SCHOTT, Chief Judge.
This case arises out of a failed real estate purchase and development agreement among plaintiff, Frank E. Lanier, and defendants, Jack R. Wood and Eddy Rutman. Plaintiff sued for the return of money he allegedly advanced to defendants along with expenses he incurred in anticipation of the project and loss of anticipated profits. The trial court awarded plaintiff $10,000 he advanced to defendants and they have appealed. The issues are whether the parties were individually involved in the transaction, whether defendants are liable in solido, and whether the pleadings and evidence support the resulting judgment.
Early in 1985, plaintiff was approached by Thomas Cloke of Capital Resources Group, Inc., to participate in the purchase and renovation of Mirabeau Apartments in New Orleans. Capital Resources had a contract to purchase the apartments. The plans were for plaintiff's company, City Builders, to do the renovations and for plaintiff to participate in the purchase with Cloke, and the two defendants. In May 1985, after plaintiff had submitted his company's estimate to do the renovations for $2.7 million, the group was not ready to take title, but Capital's agreement to purchase was about to expire. The owners agreed to extend the agreement if the prospective purchasers would pay $40,000 in cash to replace a promissory note which had been given as a deposit on the agreement to purchase and sell. Plaintiff put up the $40,000 in the form of a check drawn by another corporation, Metropolitan Erection Company, to the order of the real estate agent handling the transaction. A few days later defendants and Cloke repaid $30,000 to plaintiff.
For the next few weeks, the defendants tried to arrange financing for the venture. In July when plaintiff returned from a hunting trip, he learned that defendants had obtained a loan commitment for which they posted a $130,000 fee. Plaintiff was not named in the commitment. Defendants informed plaintiff that he would not be employed to do the renovation, but they offered to allow him to participate in the venture if he would pay a third of the commitment fee. At this time defendants had apparently bought Cloke's interest in the venture. Plaintiff declined to participate. Defendants offered to pay plaintiff the $10,000 outstanding on the deposit for the property, but plaintiff refused this offer and demanded compensation for the services rendered to the group by his company.
Defendants first contend that they are not personally liable because they were operating through a corporation, Capital Resources, which was the prospective purchaser in the agreement to purchase and sell. They argue well established principles concerning the separateness of a corporation from its stockholders, and they charge the trial court with error in piercing the corporate veil to make them personally liable for the corporation's debt. These principles have no application to the facts of this case.
The trial court held that this was an agreement among four individuals which was ultimately breached by defendants obliging them to repay plaintiff for the amount he contributed to participate with the other three. The evidence supports this conclusion. Although the agreement to purchase was entered into by Capital Resources, when the agreement was about to expire and could only be extended by the infusion of $40,000 in cash the two defendants and Cloke through his company, Capital Resources, prevailed upon plaintiff to advance the cash. This was clearly a loan of $10,000 to each defendant and Cloke, so that they could each participate in the project, and plaintiff's own $10,000 contribution. It was understood that some new entity might eventually take title, not necessarily *559 Capital Resources. Defendants' own testimony establishes that they were individually involved in this four-way agreement. Defendants' argument that they were representing the corporation, Capital Resources, has no basis in the facts.
Next, defendants argue that plaintiff had no standing to recover from them because the $40,000 was in the form of a check drawn by Metropolitan Erection Company. Plaintiff was the sole stockholder of this corporation, but the corporation had nothing to do with the agreement. The source of the cash made no difference in his relationship with defendants. He personally advanced it and he is entitled to recover it personally. Defendants' argument on this point is specious.
Next, defendants argue that plaintiff is not entitled to recover because he got what he bargained for when he contributed his $10,000, namely the hope of participating in the venture by contributing his share of the cost of obtaining the extension of the real estate agreement. This is a version of the facts of the case which the trial court rejected. The evidence supports the trial court's conclusion. The consideration for plaintiff's contribution was defendants' representations that his company would perform the renovations and that he would be a one-fourth participant in the project. Defendants breached this agreement entitling plaintiff to a return of his contribution.
Defendants next argue that the trial court erred in holding them solidarily liable to plaintiff. They contend that they should be cast for no more than their virile share of the debt. They rely on the principle found in LSA-C.C. art. 1796 that solidarity of an obligation is never presumed but arises only from the clear intent of the parties or from the law.
In this case the law makes defendants solidarily liable. When different obligors owe together just one performance to one obligee, but neither is bound for the whole, the obligation is joint for the obligors. C.C. art. 1788. That was the situation between the defendants. They induced plaintiff to save the agreement to purchase by representing to him that he would perform the renovations and participate in the profits. Their's was to be one performance. Neither could perform the obligation to plaintiff alone. Since the obligation was indivisible the matter is subject to the rules governing solidary obligations. Art. 1789. We conclude that the trial court correctly found defendants to be solidarily liable to plaintiff.
Defendants' final arguments attack the sufficiency of the pleadings to support the resulting judgment and the admitting into evidence of the Metropolitan check for $40,000. They assert that plaintiff failed to allege a $10,000 debt due him. The petition, while vague and unclear, contains an allegation that plaintiff "lent" $50,000 for "expenses incurred.... to obtain an extension of the purchase agreement" among other things; and it also contains a summary of itemized damages including, "Balance of monies due from loan made.... $15,000." No technical forms of pleadings are required. C.C.P. art. 854; and pleadings shall be so construed as to do substantial justice. Art. 865. Reading the above allegations in the context of the entire petition and in the light of these procedural principles, we find that the allegations were sufficient to authorize the trial court's consideration of the evidence of defendants' debt and the introduction of evidence concerning the Metropolitan check for $40,000. Defendants' contention that the pleadings were enlarged over their objection is without merit.
Having reviewed this case, we are convinced that the judgment appealed from is manifestly fair and equitable. Plaintiff enabled defendants to go forward with their venture by furnishing the cash to extend the agreement to purchase. Defendants next decided to deprive plaintiff of the principal incentive he had for his involvement in the project. Even defendants apparently realized they owed plaintiff his $10,000, for they offered to repay it when plaintiff declined to advance a share of the commitment fee.
*560 Accordingly, the judgment appealed from is affirmed.
AFFIRMED.